IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEAN CAHILL,                              :
         Plaintiff                   :
                                          :
   vs.                                    :   CIVIL NO. 1:CV-13-1129
                                          :
UNITED STATES OF AMERICA,                 :   (Judge Caldwell)
         Defendant                   :
                                          :   (Magistrate Judge Carlson)
                                          :

*M E M O R A N D U M*

        The pro se plaintiff, Sean Cahill, filed this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, for food poisoning contracted from tainted chicken. Plaintiff and the United States entered into a settlement agreement whereby Defendant agreed to pay Plaintiff $2,000 on his claim. The action was dismissed on August 7, 2013.

        On February 3, 2014, Plaintiff filed a motion to enforce the settlement agreement, alleging he had not yet received Defendant's payment. We are considering the magistrate judge's report recommending that the motion be denied because, in line with Defendant's argument, Plaintiff may not have received payment because it may have been subject to an offset under the Treasury Offset Program.[1]

---

[1] Before accepting the magistrate judge's recommendation, we ordered Defendant to confirm whether Plaintiff's payment was subject to an offset. Defendant has complied with that order and has confirmed that the payment was subject to an offset under the Treasury Offset Program. *See* Doc. 40.

Plaintiff has made the following objections to the report: (1) Plaintiff settled his claim under false pretenses because the settlement agreement provided that Defendant would only send the payment to Plaintiff's inmate account; (2) Plaintiff has repeatedly attempted without success to discover the identity of the person he was indebted to and when the debt was incurred and cannot contest the offset if he does not know these facts; (3) Plaintiff's due process rights under 31 U.S.C. § 3716 were violated because neither Defendant nor the federal agency to whom he owed the debt ever notified him; and (4) Plaintiff never agreed to a setoff in violation of 31 U.S.C. § 3728.

Plaintiff's first objection lacks merit.  He relies on the letter proposing the settlement where the government represented that "the only address we are prepared to send any settlement proceeds is your inmate account."  (Doc. 31, ECF p. 15).  This statement makes no representations as to whether or not any payment would be offset by the United States Treasury.  Plaintiff's second objection is not persuasive because Defendant is prohibited by privacy concerns from discovering this information, and both the magistrate judge and Defendant have given Plaintiff a phone number and mailing address that would allow him to find out the details of the offset.  Plaintiff's third objection lacks merit as to Defendant since Defendant was under no obligation to advise him of the Treasury Offset Program.  Finally, as to Plaintiff's fourth objection, his reliance on section 3728 is misplaced.  That section deals with setoffs against judgments entered against the United States.  Here, no judgment was entered against the United States.  Instead, a settlement agreement was reached.

In sum, we agree with the magistrate judge that the motion to enforce the settlement agreement should not be granted, and we will adopt his report.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 29, 2014